# O'Nail *versus* Craig.

1. An agreement to waive the Exemption Law, made when the debt is created, must be expressed in clear and unequivocal language ; not rest upon inference or conjecture.

2. A note promised to pay $37.50 "for value received, or the Homestead Exemption Law ;" *held*, not to be a waiver of the exemption.

3. The justice endorsed on an execution on a judgment recovered on the note, " exemption note ;" this did not deprive the debtor of his right.

November 2d 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Indiana county* : No. 132, to October and November Term 1867.

This was a scire facias, by John O'Nail against Jacob Craig, a constable of Indiana county, for an insufficient return.

The writ was issued April 4th 1864, under the Act of March 20th 1810, § 12 (Purd. 184, pl. 19, 5 Sm. L. 167), by Thomas Stophel, a justice of the peace, and brought into the Court of Common Pleas by appeal.

On the 12th of June 1862, John McAnulty gave to O'Nail the plaintiff in error the following note :—

" June 12th 1862, thirty days after date I promise to pay to John O'Nail the sum of thirty-seven dollars and fifty cents for value received—or the Homestead Exemption Law, without defalcation."

O'Nail brought suit on the note before Esquire Stophel and recovered judgment for $25.64. On the 18th of January 1864, an execution endorsed " *Exemption note*," was issued and placed in the hands of Craig. To this execution he returned February 12th 1864 : " No money made. Defendant claims exemption, $300 Act. Defendant has his property appraised by J. T. Paterson, &c., sworn appraisers. Returned amount of property, $95.33."

The justice then issued the scire facias against Craig for an insufficient return, and on the 11th of April 1864 gave judgment

6 P. F. SMITH—11

against him for $22.96. From this judgment he appealed to the Court of Common Pleas.

The court (Campbell, P. J., of the 18th district) charged, amongst other things: " that the awkward expression embodied in the note ' or the Homestead Exemption Law' is no waiver of the provisions of the Act of 1849, and that McAnulty had a right to have his property appraised on an execution issued on that note."

Also, " the plaintiff must stand on his rights as they actually existed, and not as they appeared from the execution, and that if he really had not an exemption note, he cannot recover from the constable for disregarding an erroneous entry on the execution by the justice, and therefore your verdict should be for the defendant."

The verdict was for the defendant ; the plaintiff took out a writ of error, assigning for error the charge of the court.

*J. M. Thompson*, for plaintiff in error, cited Act of March 20th 1810, § 12, supra.

*Stewart & Clark*, for defendant in error, cited Freeman *v.* Smith, 6 Casey 264.

The opinion of the court was delivered, November 11th 1867, by
STRONG, J.—Had it been determined, immediately after the passage of the Act of April 9th 1849, that a debtor could not deprive himself of that exemption from execution of a portion of his property allowed by the statute, by any agreement made at the time the debt was created, the object of the legislature would doubtless have been better secured. But it having been ruled that the exemption is a mere personal privilege which the debtor can *at any time* waive, and that a waiver once made cannot be retracted, the whole force of the statute is eluded by simply a change in the form of the contract. Hence, if the privilege accorded to debtors is to be anything more than a shadow, it ought to be ruled that an agreement to waive the exemption made when a debt is incurred shall be expressed in clear and unequivocal language. It is not to rest upon inference or conjecture. The plaintiff, in this case, took a note in which his debtor promised to pay to him " the sum of thirty-seven dollars and fifty cents, for value received, or the Homestead Exemption Law, without defalcation." We cannot say the note contained an agreement not to claim the benefit of the exemption allowed by the statute. We may conjecture that such was the debtor's intention, but that is not enough. When, therefore, judgment was recovered for the debt, and an execution was issued, the debtor had a right to the exemption of his personal goods, not exceeding in value $300, a right which the constable was not at liberty to disregard. Nor could the mistake

of the magistrate, in endorsing upon the executions "exemption note," deprive him of that right.

The justice had no authority to make such an endorsement. Moreover, it did not even purport to be an adjudication concluding the debtor. The charge of the court to which exception is taken, was in all respects correct.

Judgment affirmed.